IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD R. LAMKE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-3386-CV-S-ODS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION REVERSING AND REMANDING COMMISSIONER'S FINAL DECISION

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying his disability application. The Commissioner's decision is reversed and remanded.

## I. BACKGROUND

Plaintiff is a 34-year-old male with a work history as a cabinet finisher, building maintenance labor, and roofer. He claims he is disabled because of migraine headaches. The ALJ determined Plaintiff had the residual functional capacity to perform light work, except that Plaintiff would be limited to jobs with "no public contact," among many other restrictions.

The ALJ's residual functional capacity assessment reflected the hypothetical she had presented to the vocational expert at the evidentiary hearing. The vocational expert opined that a significant job base still remained for such a hypothetical worker at the light unskilled level despite the erosion of the job base caused by the restrictions. For examples, the vocational expert testified work could be performed as a cleaner/housekeeper (Dictionary of Occupational Titles (DOT) 323.687-014) and car-wash attendant, automatic (DOT 915.667-010).

The ALJ relied on the vocational expert's testimony to conclude the Commissioner met his burden at step five of proving Plaintiff was capable of making a successful adjustment to other work existing in significant numbers in the national economy. The sole issue Plaintiff raises in this request for judicial review of the Commissioner's decision is whether the ALJ properly relied on the vocational expert's testimony to support her denial of benefits.

## II. DISCUSSION

"[R]eview of [the Commissioner's] decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Smith v. Schweiker*, 728 F.2d 1158, 1161-62 (8th Cir. 1984).

*Vocational Expert/DOT Conflict*

Plaintiff contends there was a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT) regarding the "no public contact" restriction in the ALJ's hypothetical. In making disability determinations, the Commissioner relies "primarily on the DOT (including its companion publication, the SCO [Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles]) for information about the requirements of work in the national economy." Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, at *2.

2

The Commissioner notes the DOT does not specifically address the degree of public contact required for the occupations identified by the vocational expert. But one of the specific tasks in the DOT's Task Element Statements[1] for cleaner/housekeeper is "[c]hecks wraps and renders personal assistance to patrons." DOT 323.687-014. Two of the specific tasks in the Task Element Statements for car-wash attendant are "[d]irects patron to entrance of wash station or guides automobile onto wheel track of automatic mechanism" and "[r]eceives payment from customer or issues change for coin-operated equipment." DOT 915.667-010. Citing these specific tasks, Plaintiff contends – and the Commissioner does not dispute – that there was some inconsistency between the DOT and the ALJ's restriction Plaintiff have "no public contact" at work.

Plaintiff argues the ALJ "violated [SSR] 00-4p" and reversal is required. SSR 00-4p obligates the ALJ to ask about any possible conflict between the vocational expert's testimony and the DOT when a vocational expert testifies regarding the requirements of a job or occupation. 2000 WL 1898704, at *4 (S.S.A.) If an apparent conflict exists, the ALJ can rely on the vocational expert's opinion to deny benefits only if the ALJ obtains a reasonable explanation for the inconsistency. *Id.* at *2, *4. The Court reads SSR-00-4p in conjunction with the Eighth Circuit's rule quoted in *Jones v. Astrue*, 619 F.3d 963, 978 (8th Cir. 2010): "'[W]hen VE testimony conflicts with the DOT, the DOT controls when the DOT classifications are not rebutted. The DOT classifications may be rebutted with VE testimony which demonstrates specific jobs . . . may be ones that a claimant can perform.'"

"[S]pecific jobs," as used in *Jones*, is narrower than the term "occupations" (*e.g.*, cleaner/housekeeper) in the DOT. "The term 'occupation,' as used in the DOT, refers to the collective description of [similar] jobs. Each occupation represents numerous jobs." SSR 00-4p, 2000 WL 1898704, at *2 (S.S.A.) "[N]ot all the jobs in every category have

---

[1] Generally, the occupational definitions in the DOT contain a "Lead Statement[ ]," which "summarizes the entire occupation," and "Task Element Statements," which "indicate the specific tasks the worker performs to accomplish the overall job purpose described in the lead statement." 1991 WL 645965 (G.P.O.)

3

requirements identical to or as rigorous as those listed in the DOT." *Hall v. Chater*, 109 F.3d 1255, 1259 (8th Cir. 1997) (citation omitted). Thus, when a vocational expert's testimony conflicts with a generic DOT occupational definition, the vocational expert may testify to less-rigorous specific jobs (represented in the DOT by the "occupation") the claimant can do, rebutting the DOT's otherwise controlling description. *See Jones*, 619 F.3d at 978.

At the hearing, the ALJ asked the vocational expert whether there were "any variances between the [DOT's] description in the example jobs and the hypothetical posed." The expert responded, "No variance, Your Honor. The DOT does not specifically talk about minimal interaction with coworkers or public contact, but from the description in the DOT as well as my observation of those occupations I believe that it would meet those needs."

Although the vocational expert failed to acknowledge that the DOT indicated some public-contact tasks for the occupations she identified, the Court interprets her testimony to be that she observed specific jobs where those occupations were being performed that did not require public contact. This testimony rebutted the DOT's generic descriptions of those occupations. *See Jones*, 619 F.3d at 978 ("'Because the vocational expert specifically limited his opinion to reflect sedentary work only (requiring [occasional handling]), his testimony was a perfectly acceptable basis for the administrative law judge's conclusions.'") (quoting *Jones v. Chater*, 72 F.3d 81, 82 (8th Cir. 1995) (holding ALJ could rely on vocational expert's testimony sedentary-work claimant could perform occupations DOT classified as medium and light work because expert "specifically limited" opinion to sedentary work)). The ALJ complied with SSR 00-4p by obtaining a reasonable explanation for the inconsistency between the vocational expert's testimony and the DOT. Plaintiff's argument is rejected.

*Reversal and Remand*

But there is a problem with the ALJ's decision that requires reversal and remand, and it is not the fact that the ALJ apparently was referring to a different case when she

4

justified her reliance on the vocational expert's testimony.[2] The problem is the vocational expert did not clearly identify a significant number of jobs in the national economy Plaintiff could perform, a key distinction between this case and the *Jones* decisions cited above. *Cf. Jones v. Astrue*, 619 F.3d at 976-78 (noting expert testified that number of occurrences of occupations generally requiring frequent handling would be reduced by 10 to 15 percent because claimant was restricted to occasionally handling); *Jones v. Chater*, 72 F.3d at 82 (noting expert's testimony regarding hundreds of jobs generally characterized as medium or light work "reflected only those that could be characterized as sedentary").

The vocational expert testified there were thousands of jobs nationally and statewide for the cleaner/housekeeper and car-wash attendant occupations. But since she failed to acknowledge the DOT included public-contact tasks for these occupations, she did not distinguish between her figures and the number of specific jobs that – consistent with her observations – had "no public contact." Other than vaguely testifying there was a "significant base[ ] of work still remaining" for Plaintiff, the vocational expert provided no numerical information for the specific jobs Plaintiff could do.

The Court acknowledges that in *Hall*, the Eighth Circuit held it was "satisfied that [the claimant] could perform a number of jobs within the categories the [vocational expert] listed" even though numbers provided by the vocational expert apparently applied to the categories in general. 109 F.3d at 1259. Unlike *Hall*, there is insufficient vocational evidence in this case for the Court to be satisfied that a significant number of jobs exist in the national economy that Plaintiff can perform. The ALJ's decision at step five of the sequential analysis was without a sufficient evidentiary basis.

---

[2] The ALJ wrote that the vocational expert based her testimony on "interaction observation terms," "knowledge of similar jobs with similar limitations," and the "*Unskilled Employment Quarterly*," but the vocational expert never mentioned these as bases for her opinion. And the Commissioner, like the ALJ, echos that the vocational expert relied on "interaction observation terms" but fails to explain what they are.

5

## III. CONCLUSION

The Court has doubts whether Plaintiff's migraine headaches entitle him to disability benefits, but the Commissioner must comply with the five-step sequential process even when denying the most undeserving disability application. The ALJ's decision at step five was not supported by substantial evidence on the record as a whole. The case is reversed and remanded to the Commissioner.
IT IS SO ORDERED.

DATE: June 9, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT